**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ZULPYKHAR BEKTAS, | : | Civil Action No. 25-14746 (SRC) |
| Plaintiff, | : | |
| | : | OPINION |
| v. | : | |
| MOLLIE ISAACSON, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on a Motion for Default Judgment submitted by Plaintiff Zulpykhar Bektas (Dkt. No. 6). No opposition was filed. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff commenced this action on August 19, 2025, asserting claims under the Administrative Procedure Act and the Mandamus Act based on alleged unreasonable delay in the adjudication of his affirmative asylum application. (Dkt. No. 1). Plaintiff thereafter sought entry of default and default judgment, asserting that Defendant failed to plead or otherwise respond after service of the summons and complaint. (Dkt. No. 6).

The Clerk entered default on November 21, 2025. Plaintiff now seeks default judgment compelling agency action. In support, Plaintiff represents that service was effected in accordance with Federal Rule of Civil Procedure 4(i).

1

## II. LEGAL STANDARD

Default judgment is appropriate only where there has been valid service of process. *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). "A default judgment entered when there has been no proper service of the complaint is void." *Id.*

Where a defendant is a federal officer sued in an official capacity, Federal Rule of Civil Procedure 4(i)(2) requires service not only on the officer, but also on the United States. Service on the United States requires delivery of the summons and complaint to both: (1) the United States Attorney for the district where the action is brought (or a designated assistant), and (2) the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1).

## III. LEGAL ANALYSIS

Although Plaintiff asserts that service was properly effected under Rule 4(i), the record does not reflect the same.

Specifically, the docket does not reflect proper service on the Attorney General of the United States, as required when a federal officer is sued in her official capacity. Proof of service demonstrating compliance with Rule 4(i)(1) and (2) is a prerequisite to the entry of default and default judgment. *See* Fed. R. Civ. P. 4(l); *Gold Kist*, 756 F.2d at 19. Because valid service is a necessary condition to the Court's exercise of personal jurisdiction, the Clerk's entry of default does not cure the underlying defect. Where service is insufficient, default judgment must be denied regardless of any failure to respond.

Accordingly, Plaintiff has not satisfied his burden under Rule 55(d) to establish a right to relief against a federal officer, and the Court declines to reach the merits of Plaintiff's claims at this stage.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **DENIED** without prejudice. Plaintiff may effect proper service in accordance with Federal Rule of Civil Procedure 4(i) and, if appropriate, renew his request thereafter. An appropriate Order accompanies this opinion.

       /s/ Stanley R. Chesler
THE HON. STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2026