**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ZULPYKHAR BEKTAS, | : | **Civil Action No. 25-14746 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| MOLLIE ISAACSON, | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

**CHESLER, District Judge**

This matter comes before the Court on a Motion for Default Judgment submitted by Plaintiff Zulpykhar Bektas (Dkt. No. 12).  No opposition was filed.  For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff commenced this action on August 19, 2025, asserting claims under the Administrative Procedure Act and the Mandamus Act based on alleged unreasonable delay in the adjudication of his affirmative asylum application.  (Dkt. No. 1).  Plaintiff thereafter sought entry of default, asserting that Defendant failed to plead or otherwise respond after service of the summons and complaint.  (Dkt. No. 6).  The Clerk entered default on November 21, 2025. Plaintiff filed its initial motion for default judgment on January 28, 2026.  (Dkt. No. 6).  By Opinion and Order entered February 5, 2026, the Court denied the motion without prejudice because the docket did not reflect proof of service on the Attorney General of the United States,

1

as required by Fed. R. Civ. P. 4(i)(1)(B) and 4(i)(2), and expressly permitted Plaintiff to effect proper service and renew his request thereafter.   (Dkt. Nos. 7-8).   After submitting proof of such service, Plaintiff renews his application for default judgment in the instant motion under Fed. R. Civ. P. 55(b)(2).   (Dkt. No. 12).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter default judgment after the Clerk has entered default under Rule 55(a).   Where the relief runs against a federal officer sued in an official capacity, Rule 55(d) further requires that the plaintiff "establish a claim or right to relief by evidence that satisfies the court."

## III.   LEGAL ANALYSIS

Plaintiff argues that he establishes a right to relief under Rule 55(d) because the APA requires that an agency must conclude a matter presented to it, and when an agency fails to do so, courts may compel agency action.   (Mot. at 5).   Plaintiff seeks to compel USCIS to conduct an asylum interview and adjudicate Plaintiff's asylum application.   *Id.*   Plaintiff contends that such action has been unreasonably delayed because Plaintiff's Form I-589 has been pending for more than six years.   *Id.* at 6.

### a.  Default Judgment

In the Third Circuit, courts weigh (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct.   *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

The Court is satisfied that these three factors are satisfied.   First, Plaintiff is prejudiced from Defendant's failure to act as it results in continuing limitations on Plaintiff's personal,

2

familial and business circumstances.    Second, Defendant has failed to offer a defense as the Government has failed to enter an appearance.    Third, such failure to respond is culpable conduct because no appearance has been entered an no response has been filed.    Accordingly, each factor favors entry of default judgment.

### b. APA Claim

The APA requires that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1).    Section 706(1) permits a court to compel only discrete agency action that the agency is required to take.    *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

Unreasonable-delay claims in the Third Circuit are evaluated under the four-factor test of *Oil, Chemical & Atomic Workers Union v. OSHA*, 145 F.3d 120, 123 (3d Cir. 1998): (1) the length of time elapsed; (2) the reasonableness of the delay in the context of the statute authorizing agency action; (3) the consequences of the delay; and (4) any administrative difficulties bearing on the agency's pace.

Here, Plaintiff does not seek to compel any particular decision on his asylum application but rather seeks for the Court to compel USCIS to adjudicate the same.    The Court is satisfied that this is the type of discrete agency action contemplated by Section 706(1).

Applying the factors in *Oil, Chemical & Atomic Workers Union*, the Court finds that the delay is indeed unreasonable as Plaintiff's asylum application has remained pending for more than six years.    Further, there are clear consequences as Plaintiff has presented evidence of personal, familial, and business harms resulting from the unresolved status of his asylum application.

Additionally, there has been no evidence presented as to why this delay is reasonable or an explanation as to why Defendant has failed to act on Plaintiff's application.

Thus, the Court is satisfied that Plaintiff is entitled to relief under Rule 55(d). Accordingly, Plaintiff's motion for default judgment is **GRANTED**.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED.** Defendant shall schedule Plaintiff's asylum interview within thirty (30) days of this Order and proceed to conclude adjudication within a reasonable time thereafter.

 /s/ Stanley R. Chesler
THE HON. STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2026

4